NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARTULDE POINT DU JOUR,<br><br>                Plaintiff,<br><br>          v.<br><br>FLIX BUS SE d/b/a GREYHOUND BUS COMPANY SMACK JERI-IN, HEAD DOE, JOHN DOES (1-10), HARRY DOES (1-10),<br><br>                Defendants. | Case No. 2:25-cv-02601 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Artulde Point Du Jour's ("Du Jour") Motion to Vacate (ECF No. 24) the Court's Order of Dismissal (ECF No. 23). Defendant Flix Bus SE d/b/a Greyhound Bus Company ("Flix Bus") and Defendant Jerlyn Smack ("Smack") (collectively, "Defendants" [1]) filed an opposition Du Jour's Motion to Vacate (ECF No. 29). [2] Du Jour filed a reply, reiterating her position the case should be reopened and Defendants' Motion to Dismiss (ECF No. 21), which was granted after the Court received no opposition, should be denied on the merits (ECF No. 30).

---

[1] The fictious defendants John and Harry Does were also named as defendants. (Am. Compl. (ECF No. 10) at 2.) They are twenty unknown employees of Flix Bus who allegedly "authorized, directed, approved and supervised" the allegedly unlawful actions of the named defendants. (*Id.*)

[2] Although Defendants' opposition requests the "Court deny plaintiff's Motion to Vacate," they more consistently request the Court decide Defendant's "Motion to Dismiss (ECF No. 21) be decided on the merits," which cannot occur if the case remains closed. (ECF No. 29 at 3, 9, 10.) To that end, Defendants are clear they "do not contest plaintiff's motion" to the degree it would permit the Motion to Dismiss be "decided on the merits." (*Id.* at 2.)

Having reviewed and considered the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause appearing, Du Jour's Motion to Vacate is **GRANTED**.

## I.    BACKGROUND

### A.    Factual Background

On June 22, 2024, Du Jour boarded a Greyhound Bus, with a ticket to the hospital in New York where she works as a nurse. (ECF No. 10 at 2.) Despite being assigned a specific seat, Du Jour chose to sit in a different seat in the third row, to avoid sitting next to a bathroom which had not been properly ventilated. (*Id.*) However, Du Jour had a contentious relationship with the bus driver "Smack," who, two years prior, refused to allow Du Jour to board a Greyhound Bus despite her having a ticket, resulting in a complaint to Flix Bus. (*Id.* at 3.) Smack demanded Du Jour use her assigned seat, even though the bus was not full, which Du Jour alleges was intended as retaliation for Du Jour's earlier complaint. (*Id.*) The two got into a heated verbal altercation, during which Smack publicly humiliated Du Jour. (*Id.*)

Du Jour argues this was a violation of her right to substantive due process and equal protection under the law pursuant to the New Jersey Constitution, racial discrimination in a place of public accommodation, intentional infliction of emotional distress, and a breach of the implied covenant of good faith and fair dealing. (*Id.* at 3–6.)

### B.    Procedural Background

Du Jour first brought this case in Superior Court of New Jersey, Law Division on January 21, 2025, alleging claims against the individual defendants and Greyhound Bus Company, a brand name under the Flix Bus umbrella. (ECF No. 1 at 11.) Defendants removed the case to federal

court based on diversity jurisdiction on April 10, 2025. (*Id.* at 1.) On June 3, 2025, the Court issued an order for Du Jour to file an amended complaint in compliance with Rule 11(c)(3) or file a letter setting forth why the initial complaint complied with the Rule. (ECF No. 9.) Du Jour elected to file the Amended Complaint on June 30, 2025. (ECF No. 10 at 2.) This Amended Complaint complied with Rule 11(c)(3) and altered several factual allegations. (*Id.*) Though Defendants had already answered the initial complaint, on July 31, 2025, they requested Leave to File a Motion to Dismiss Du Jour's Amended Complaint (ECF No. 15), which the Court granted on August 22, 2025 (ECF No. 20). Pursuant to that Order, Defendants filed a Motion to Dismiss on September 19, 2025. (ECF No. 21.) Du Jour therefore had until October 6, 2025, to file an opposition to Defendants' Motion, but she never filed a response. On October 8, 2025, the Court extended the deadline for Du Jour to file an opposition by seven days, after which the Motion would be considered unopposed. (ECF No. 22.) Du Jour still failed to oppose the Motion, and on October 21, 2025, the Court granted Defendants' unopposed Motion and dismissed the case. (ECF No. 23.)

On November 4, 2025, nearly a month after Du Jour's opposition was due, Du Jour filed the current Motion to Vacate the Order dismissing the case. (ECF No. 24.) Defendants filed an opposition (ECF No. 29), and Du Jour filed a reply (ECF No. 30).

## II.  LEGAL STANDARD

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

> or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Accordingly, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

Under Rule 60(b)(1), whether a party's neglect is "excusable" is an equitable determination, taking into account all relevant circumstances surrounding a party's failure to file.[3] *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, Civ. A. No. 07-1588, 2008 WL 5156683, at *2-3 (D.N.J. Dec. 5, 2008). The Third Circuit has instructed that in determining excusable neglect under Rule 60(b), district courts must consider four non-exhaustive factors identified by the Supreme Court:

> (1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith.

*Liguori v. Allstate Ins. Co.*, Civ. A. No. 14-636, 2015 WL 71384, at *3 (D.N.J. Jan. 6, 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). It is well

---

[3] Though Defendants "do not contest plaintiff's motion such that it seeks to have Defendants' Motion to Dismiss decided on the merits," their brief argued in passing that the Motion to Vacate should be analyzed under Rule 60(b)(6). (ECF No. 29 at 1–3.) Rule 60(b)(6) permits the Court to vacate a final judgment for any reason if the movant "show[s] 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). Although Du Jour and her counsel never expressly admit mistake or neglect excusable or otherwise, the Court interprets the facts counsel presents alleging an excusable neglect due to an inability to receive court notifications. (ECF No. 24-1 at 4–5.)

established, however, an attorney's "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" for purposes of Rule 60(b)(1). *Brown v. Agway Energy Servs., LLC*, Civ. A. No. 18-321, 2018 WL 10228392, at \*11 (W.D. Pa. Nov. 14, 2018) (quoting *Taylor v. Harrisburg Area Cmty. Coll.*, Civ. A. No. 12-169, 2014 WL 321204 (M.D. Pa. Jan. 29, 2014)); *see also Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 (3d Cir. 2009); *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012); *Pence v. Mayor of Bernards Twp.*, Civ. A. No. 08-2312, 2010 WL 4063206, at \*11 (D.N.J. Oct. 15, 2010). In short, "excusable neglect" involves circumstances "where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." *Kanoff*, 350 F. App'x at 657.

## III. DECISION

Du Jour asks the Court to reopen the case and permit Du Jour "to oppose the [D]efendants' Motion [to Dismiss]." (ECF No. 24-1 at 2.) To support her Motion, Du Jour's attorneys, Eldrige Hawkins, Esq. ("Hawkins"), and Cecile Portilla, Esq. ("Portilla"), cite only to the Court's "[vast] powers of equity" and offer a flurry of excuses for the lack of reply. (ECF No. 24-1 at 2.) The primary explanation given was Hawkins "DID NOT receive the Original Court Notification advising that a motion to dismiss the Complaint was filed in this case." (ECF No. 24-1 at 3–7 (emphasis original) (citing *Chi., R.I. & P. Ry. Co. v. Union Pac. Ry. Co.*, 47 F. 15, 26 (C.C.D. Neb. 1891)).) However, Hawkins is also clear he currently suffers from "Neuropathy in his hands" which is impairing his ability to timely reply. (ECF No. 24 at 3.) He therefore requests "accommodation" from the Court. (*Id.* at 3.) The attorneys further cite a letter they filed in an

unrelated case, which they attach as an exhibit and contend provides further support for their motion. (ECF No. 24-7.)[4]

The Court considers four factors when determining whether to grant a motion to vacate: the risk of prejudice against other parties, the length of delay, the reason for the delay, and the good faith of the movant. *Liguori*, 2015 WL 71384, at *3. The question of whether to grant the motion to vacate is difficult here, largely because the third factor in the analysis—the "reason for the delay"—weighs heavily against granting the motion. *Id.* The Court will address this factor first, because of the egregious behavior on the part of Du Jour's attorneys.

Du Jour's attorneys do not acknowledge their error and instead make wholly unsubstantiated allegations of unspecified wrongdoing by unidentified third parties. (*See generally* ECF Nos. 24-1, 24-7.)  In the letters Du Jour's attorneys provide to support their reason for delay, Portilla sets forth an unsubstantiated theory as to why neither she nor Hawkins has been receiving Court notifications. (ECF Nos. 24-1, 24-7.) She claims, "there is unlawful interference at the Court level itself," which has "[blocked] multiple Court communications" and consequently caused the attorneys to lack notice of Flix Bus's Motion to Dismiss. (ECF No. 24-7 at 3.) The purported cause of this interference is an unidentified "FBI Agent" who is retaliating against Portilla for her actions as a "whistle blower [*sic*]" thirteen years ago. (*Id.*) This retaliation takes the form of having "the words 'United States' . . . added to [Portilla's] address," having "incoming calls . . . [appear on] caller ID as originating from 'USA'" and altering documents "filed on PACER" so the filing "do[es] not reflect what was actually uploaded." (*Id.* at 2–4.) Most relevantly here, Hawkins alleged in a separate June 2025 letter before the Appellate Division of New Jersey that the FBI

---

[4] *Nazario v. City of Orange Township et al.*, Civ. A. No. 24-8908 (D.N.J. 2024) (ECF No. 41).

Case 2:25-cv-02601-BRM-SDA   Document 31   Filed 04/16/26   Page 7 of 10 PageID: 344

Agent is blocking Portilla from receiving "multiple Court notifications" and therefore they "did not have notice . . . [of] the trial . . . scheduled for June 16, 2025." (ECF No. 24-7 at 44.) Hawkins further admits Portilla "ha[s] no real proof" of this alleged harassment by the FBI. (ECF No. 24-7 at 43.)

It is clear from the context of the multiple letters Portilla and Hawkins submit in support of the Motion; the current error and delayed filing is not a one-off occurrence or a risk of which they were ignorant. (*See generally* ECF No. 24-7.) Whatever the cause, Plaintiffs' attorneys knew of the problems they were having with the Court document system and have an ongoing responsibility to keep up with the filings on behalf of their clients, either through the ECF system or by contacting the clerk's office directly. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408–410 (4th Cir. 2010) (holding the district court did not abuse its discretion "in declining to vacate judgment" under Rule 60(b)(1) where the attorney did not receive ECF notifications that "dispositive motions" had been filed). A party may receive relief from a judgment due to their mistake but not when it or its representative makes a "conscious choice not to take any action with respect to his [or her] computer troubles." *Id.* at 408. "[A]fter realizing [they were] experiencing computer problems," Hawkins and Portilla had an affirmative responsibility "to check the court's docket . . . or contact the court and opposing counsel to notify them of [the] computer troubles." *Id.* at 408–09. Although computer troubles and disabilities will be accommodated by the courts, a willful "decision to remain in the dark" will not. *Id.*

Problems with the Court notification system are typically not within the control of either a party or attorney and may be the basis for a motion to vacate under Rule 60(b)(1). *See Wisehart v. Wisehart*, Civ. A. No. 15-2768, 2016 WL 6824365, *3 (D.N.J. Nov. 17, 2016) (granting motion to vacate where circumstances "suggest that Plaintiff may have difficulty receiving notice from

7

the Court"). However, in the current situation, where the attorneys knew of this difficulty well in advance, the delay is to some degree within their reasonable control. For this reason, the reason-for-delay factor weighs against granting the Motion to Vacate.

The other factors, however, favor granting the Motion to Vacate. Most importantly, the first factor—risk of prejudice to defendants—heavily favors granting the motion. *Liguori*, 2015 WL 71384, at *3. Defendants themselves appear to believe dismissing the case without prejudice at this juncture is not in their own interest. (ECF No. 29 at 3 (requesting the Motion to Dismiss "be decided on the merits").) It is not hard to see why this is Defendants' preference. This case was dismissed without prejudice and Du Jour is free to file another complaint for the same altercation even if the Court's order stands. (ECF No. 23.) If there is a risk of prejudice to Defendants, it would come from the needless multiplication of expenses caused by a wholly separate action.

The second factor is whether the Motion to Vacate was timely, as well as the length of the overall delay including how promptly the movant brought the Motion to Vacate. *Malik v. GEICO Ins.*, Civ. A. No. 23-16240, 2026 WL 160662, at *6 (D.N.J. Jan. 21, 2026). On the first point, the Motion to Vacate is timely brought within the one-year period prescribed by Rule 60(c)(1). However, the fact the Motion is timely does not necessarily mean the delay is reasonable. "[A]lthough Rule 60(c)(1) *permits* a party to file a motion to vacate . . . within one year after entry of an order[,] . . . . [i]t is well-established the 'one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired.'" *Malik*, 2026 WL 160662, at *6 (finding a five-month delay is unreasonable) (quoting *Jones v. Ridgefield N.J. Loc. Police Dep't*, Civ. A. No. 23-21260, 2025 WL 885688, at *2 (D.N.J. Mar. 21, 2025)); *see also Smith v. Ruzzo*, Civ. A. No. 07-450, 2009 WL

8

349162, at *2 (D.N.J. Feb. 9, 2009) (holding eight-month delay unreasonable). Whether the time to reply was "reasonable" is within the discretion of the Court and "depends on the circumstances of each case." *Id.*

Taking the totality of the circumstances into consideration, the delay in filing the Motion to Vacate is acceptable. Du Jour's response comes relatively swiftly after the judgment was entered, the judgment is without prejudice, and deadlines of the motions meant Du Jour's attorneys had a limited time to learn of and respond to the Motion without Court notifications. Furthermore, where the delay is short and occurs at the beginning of the case it "is unlikely to have an adverse impact on the judicial proceedings," further favoring vacating the decision. *Wisehart*, 2016 WL 6824365, at *3. Du Jour's Motion to Vacate was therefore filed within a reasonable amount of time.

The final factor is that of Du Jour and her attorneys' "good faith." *Liguori*, 2015 WL 71384, at *3. This factor likewise weighs in favor of vacating the dismissal. Importantly, this delay does not appear to be the result of a "strategic decision" of Du Jour or her counsel. *Robinson*, 599 F.3d at 408–410. Indeed, the Defendants have agreed Du Jour is "blameless" and ask their Motion to Dismiss be decided on the merits. (ECF No. 29 at 5.) Further, there does not appear to be any conceivable benefit to delay for Du Jour or her attorneys, and the multiple filings before different courts evinces sincere difficulties in accessing Court information in a variety of contexts. (*See generally* ECF No. 24-7.) Therefore, the Court determines Du Jour's attorneys are operating in good faith.

The Court will therefore grant Du Jour's Motion to Vacate and re-open the case. Defendant's Motion to Dismiss (ECF No. 21) is re-opened, and Du Jour has fourteen (14) days starting from the day of this Opinion and Order issue to oppose. The Court will issue a briefing

9

schedule in the accompanying order. However, Du Jour's attorneys must take steps to remain abreast of the developments in this case, even without the Court notification systems. Likewise, the Court did not, and will not, consider any unsubstantiated allegations of wrongdoing to support any motion or relieve Du Jour's attorneys of their responsibilities to their client or the Court. As for Hawkins' request for accommodations, that request is **DENIED AS MOOT** as it pertains to the Motion to Vacate, as the motion is timely and has been granted on other grounds. Going forward, the Court will consider and accommodate Hawkins' neuropathy, or other disability, but requests for accommodations must be made before the deadline has passed and provide the court with specific information on what accommodations are necessary.

## IV.    CONCLUSION

For the foregoing reasons Du Jour's Motion to Vacate (ECF No. 24) is **GRANTED** and the October 21, 2025 Order (ECF No. 23) dismissing the Amended Complaint is **VACATED**.

Date: April 16, 2026                                           */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**